USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/31/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD LEA, et al.,<br>Plaintiffs,<br>v.<br>TAL EDUCATION GROUP, et al.,<br>Defendants. | Case No. 1:18-cv-05480-LAP-KHP<br>Honorable Katharine H. Parker |

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information").

   a. For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains material the producing party or non-party deems confidential.

   b. A party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party or non-party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party or non-party must affix the "CONFIDENTIAL" legend to each page that contains material deemed confidential.

    c. With respect to any electronic document produced in native file format, the producing party or non-party shall designate such confidential document by (1) naming such file with a number consistent with the numbering scheme used by that producing person for production of paper or image documents; (2) producing a slip sheet bearing the number corresponding to the name of the file, which sheet shall state "DOCUMENT PRODUCED IN NATIVE FILE FORMAT" and shall bear the legend "Confidential"; and (3) labeling any disk or other electronic medium on which such file is contained as "Confidential."

    d. For testimony given in depositions, the designating party or non-party may identify any disclosure or discovery material on the record, before the close of the deposition, as protected testimony.  In addition, any party, regardless of their role in sponsoring, offering, or giving deposition testimony, or a non-party that sponsors, offers, or gives deposition testimony has up to thirty (30) days after the receipt of the written transcript to identify specific portions of the testimony as to which "CONFIDENTIAL" protection is sought.  The entire transcript of any deposition will be treated as if designated "CONFIDENTIAL" until this thirty (30) day period has elapsed.

    e. The court reporter must affix on each page containing protected material the legend "CONFIDENTIAL" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

    f. For information produced in some form other than documentary and for any other tangible items, that the producing party or non-party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the producing party or non-party, to the extent practicable, shall identify the protected portion(s).

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Outside counsel and relevant in-house counsel for the Parties, as well as employees of such outside counsel or in-house counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

    b. Attorneys representing an insurer or indemnitor of any defendant, including the insurer's or indemnitor's legal team;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. The Court (including the mediator, other person having access to any Confidential Information by virtue of his or her position with the Court, or a court of competent jurisdiction in a proceeding by a party or non-party in connection with this action (*e.g.*, in connection with a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits the same under seal);

    e. Court reporters and their staff engaged for depositions;

    f. Professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, transcribing, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors to whom disclosure is reasonably necessary for this Action and who have signed an agreement to be bound by this Order in the form attached hereto;

    g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    h. During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an agreement to be bound by this Order in the form attached hereto; and (2) the witness will not be permitted to keep any Confidential Information, unless otherwise agreed by the designating party or non-party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    i. Any person expressly named and agreed to in writing by the Producing Party or by Order of the Court.

5. Counsel for any party may designate any document or information, in whole or in part, as attorney eyes only ("Attorneys Eyes Only Information") if counsel determines, in good faith, that such designation is necessary. Information and documents designated by a party as attorney eyes only will be stamped "ATTORNEY EYES ONLY." All documents designated as "ATTORNEY EYES ONLY" shall not be disclosed to any person, except the persons identified in subparagraphs a., d., e., g. and i. of ¶4 herein.

6. Prior to disclosing or displaying the Confidential Information to any person identified in subparagraphs a.-c., f., g., & i. of ¶4 herein, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys Eyes Only Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Prior to the use of Confidential Information at a hearing to be held in open court, counsel who desires to use such Confidential Information shall take reasonable steps to afford counsel for the designating party a reasonable opportunity to object to the disclosure in open court of Confidential Information.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Attorney Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential under this Order.

SO STIPULATED AND AGREED.

Dated: March 30, 2021

Kara M. Wolke (*pro hac vice*)
Leanne H. Solish (*pro hac vice*)
Garth A. Spencer
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150

Gregory B. Linkh
GLANCY PRONGAY & MURRAY LLP
230 Park Avenue, Suite 530
New York, NY 10169
(212) 682-5340

*Attorneys for Plaintiffs*

Dated: March 30, 2021

Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Defendant TAL Education Group*

SO ORDERED.

KATHARINE H. PARKER, U.S.M.J.

Dated: **03/31/2021**
New York, New York

667568.1

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

______________________________
Signed in the presence of:

______________________________
(Attorney)